# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:17-cv-00193-MR-DLH

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| ) | |
| APPROXIMATELY $19,769.00 IN ) | |
| FUNDS SEIZED INCIDENT TO THE ) | |
| ARREST AND EXECUTION OF ) | |
| SEARCH WARRANT AS TO ) | |
| KEVIN MICHAEL HART, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Government's Motion for Default Judgment [Doc. 7].

On July 19, 2017, the Government initiated this civil forfeiture action pursuant to 18 U.S.C. § 981(a)(1)(A) and 21 U.S.C. § 881 against the defendant property. [Doc. 1]. As grounds for forfeiture, the Verified Complaint alleges in part that the defendant property was "seized from [sic] incident to the arrest of Kevin Michael Hart and constitutes "proceeds of and/or was used to facilitate drug trafficking crimes." [Id. at ¶¶ 6, 7]. The Verified Complaint identifies Kevin Michael Hart's two children, Michelle S.

Junaluskie and Kevin Michael Hart, II, as potential claimants to the defendant property. [Id. at 5 ¶ 2].

The Government posted notice of this civil forfeiture action for a period of 30 consecutive days, beginning on July 21, 2017, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. [Doc. 4]. The Government also sent notice to a Jonathan A. Hornbuckle, who the Government contends serves as counsel for both Michelle S. Junaluskie and Kevin Michael Hart, II. [See Doc. 5-1, 5-2]. Thereafter, the Government sought the entry of default against all entities. [Doc. 5]. The Clerk of Court made an entry of default of September 28, 2017. [Doc. 6]. On October 4, 2017, the Government filed the present motion for a default judgment against all persons and entities. [Doc. 7].

Rule G(4)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture ("Supplemental Rules") requires that the Government "send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant …." Here, the Government alleges that the defendant property was seized from, and incident to the arrest of, one Kevin Michael Hart. [Doc. 1 at ¶ 6]. The Government did not, however, provide any direct notice to Kevin Michael Hart, as required by Rule G(4)(b)(i). Having failed to provide direct notice to

the person from whom the defendant property was directly seized, the Government's motion for default judgment is improper.

Furthermore, the Government did not provide direct notice to the two claimants identified in the Complaint, Michelle S. Junaluskie and Kevin Michael Hart, II.  Instead, the Government sent the notice to Jonathan A. Hornbuckle, who the Government identifies as serving as Ms. Junaluskie's and Mr. Hart's "counsel."  The nature of Mr. Hornbuckle's representation of these potential claimants, however, is unclear from the Government's filings.  Rule G(4)(b)(iii)(B) of the Supplemental Rules permits the service of direct notice on an attorney only where that attorney is "representing the potential claimant with respect to the seizure of the property or in a related investigation, administrative forfeiture proceeding, or criminal case."  The Government does not allege that Mr. Hornbuckle is representing Ms. Junaluski and Mr. Hart in such a capacity.  Accordingly, the Court cannot discern whether proper notice was given to these potential claimants.

For all of these reasons, the Government's motion for default judgment is denied.

**IT IS, THEREFORE, ORDERED** that the Government's Motion for Default Judgment [Doc. 7] is **DENIED**.

**IT IS SO ORDERED.**

Signed: November 3, 2017

Martin Reidinger
United States District Judge